UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

ARJIVYAR T WELLS,

        Defendant.

Case No. 11-cr-0204-bhl-10

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

    Arjivyar Wells asks the Court to reduce his sentence under the "compassionate release" provisions in 18 U.S.C. §3582(c)(1)(A). (ECF No. 437.) Wells argues he is entitled to release because he has extraordinary and compelling reasons that justify reducing his sentence to time served. Specifically, he contends his diabetes and obesity increase his risk of severe complications from COVID-19. Alternatively, he argues that his presence is required to assist his ill stepfather. The Government opposes defendant's motion, arguing that Wells has not exhausted his administrative remedies through the Bureau of Prisons, his risk from COVID-19 is minimized now that he has been vaccinated, and Wells' stepfather's health is not an extraordinary and compelling reason justifying his release. After considering the 18 U.S.C. §3553(a) sentencing factors, based on the record, the Court denies Wells' request.

## BACKGROUND

    On January 31, 2013, after having pleaded guilty to using a communication facility to facilitate a drug trafficking offense, Judge Rudolph T. Randa sentenced the defendant to 48 months of imprisonment to run consecutive to a state-imposed prison sentence he was already serving. (ECF No. 262.) In February 2014, Wells completed his state sentence and was transferred to federal custody to begin serving the sentence Judge Randa imposed. (ECF No. 445.)

    In 2016, Wells was transferred to a halfway house in Milwaukee to serve out the remainder of his federal prison term. (*Id.*) In June 2016, police arrested Wells after observing him carrying a firearm in the street and then discharging the weapon before running into a residence to avoid

arrest. (ECF No. 442.) The State revoked Wells' state supervision and sentenced him to three years in state custody. (ECF No. 445.) Wells was eventually convicted by the state of Recklessly Endangering Safety and sentenced to an additional 18 months in state prison. (ECF No. 442.) While in state custody from June 2016 until December 2020, Wells was deemed in "escape status" and did not receive credit toward his federal sentence. (ECF No. 442.) When he finally completed his state sentence on December 21, 2020, Wells once again began receiving credit toward his federal sentence. He now has an estimated release date of January 11, 2022, with a home detention eligibility date of August 19, 2021. (*Id.*) Wells is currently serving the remainder of his prison term at the Dodge County Jail in Juneau, Wisconsin. (*Id.*) The Bureau of Prisons has designated Wells to a Residential Reentry Center, but it is unknown if he will remain in the Dodge County Jail or move to another facility. (*Id.*)

Wells suffers from diabetes and other medical issues that could place him at higher risk from COVID-19. Wells has not filed a request for compassionate release with a federal prison warden. Wells cannot do so because he is being held at the Dodge County Jail, which is not a federal prison, and thus Wells has no "warden" to whom to direct a compassionate release request. On April 5, 2021, Wells' counsel sent a letter via email to the administrator of the Residential Reentry field office to which Wells may be transferred and asked that he be considered for compassionate release. (ECF No. 445-1.)

Wells filed his initial request for compassionate release with the Court on February 18, 2021. (ECF No. 437.) Before the government could respond to the request, Federal Defender Services of Wisconsin, Inc. (FDSW) filed a letter requesting to file a supplemental brief in support of his request. (ECF Nos. 440, 443.) On April 9, 2021, the FDSW filed a supplemental brief in support of compassionate release. (ECF No. 445.) On April 26, 2021, the Government filed a brief opposing Wells' early release. (ECF No. 446.) On May 3, 2021, Wells' FDSW attorney filed a reply brief in support of his compassionate release. (ECF No. 447.)

# ANALYSIS

Under 18 U.S.C. §3582(c), a court is generally not allowed to modify a sentence of imprisonment. One of the limited exceptions to this rule is for cases of "compassionate release" under section 3582(c)(1)(A)(i). Before the First Step Act of 2018, a request for compassionate release could only be made by the Bureau of Prisons (BOP). Now, however, a defendant can request compassionate release by motion.

The Court's consideration of a compassionate release motion is a multi-step process. The Court must first determine whether the defendant is eligible under the statute. To be eligible, a defendant is required to show that he or she made a request for release to the prison warden and has either (a) exhausted all administrative appeals or (b) waited 30 days from the warden's receipt of the request, whichever is earlier. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). If this "exhaustion" requirement is satisfied, the Court must then determine whether there are "extraordinary and compelling reasons" warranting a reduction in the defendant's sentence, consistent with the sentencing factors set forth in 18 U.S.C. §3553(a). Additionally, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(1)(A). However, the Sentencing Commission has not issued a policy statement applicable to a compassionate release motion filed by the defendant. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

Assuming Wells has satisfied the exhaustion requirements of the statute's claim processing rules,[1] Wells has not shown extraordinary and compelling reasons for his release. Wells' contends his diabetes, obesity, and occasional hypertension increase his risk of serious complications from COVID-19 enough to create extraordinary and compelling reasons to warrant his early release. In

---

[1] The government argues that Wells is statutorily ineligible for compassionate release because he has not exhausted his administrative remedies. It contends that the statute does not allow the Court to reduce a term of imprisonment until "after the defendant has *fully exhausted all administrative rights* to appeal" the Bureau of Prison's failure to bring a compassionate release motion on his behalf or until 30 days have passed from the warden's receipt of a prisoner's request. 18 U.S.C. §3582(c)(1)(A) (emphasis added). In most cases, a prisoner's failure to exhaust would make him ineligible to ask the Court for compassionate release. *See Sanford*, 986 F.3d at 782. Wells' situation is tricky, however. Wells' apparent failure to exhaust is attributable not to his own inaction but to the Bureau of Prisons regulations, which require requests for compassionate release to be made to a prisoner's "warden." The regulations do not account for Wells' situation – he is being held in a state jail, and the chief executives of state facilities are not "wardens" under the regulations. *See* 28 C.F.R. §500.1(a). Accordingly, Wells cannot comply with the exhaustion requirements; he cannot file a request with his warden because he does not have one. The Court will not wander too far into this morass because, exhaustion issues aside, Wells is not entitled to compassionate release on the merits.

the alternative, Wells' argues that his need to care for his stepfather creates an extraordinary and compelling reason for his release.

Wells' medical argument is not novel, and courts have reached differing views on whether his argument satisfies the extraordinary and compelling standard under the statute during the COVID-19 pandemic. *Compare United States v. Young*, 2021 WL 276126 (7th Cir. Jan. 27, 2021) (affirming district court's denial of compassionate release despite defendant's serious kidney disease), *with United States v. Cook*, No. 17-cr-77 (E.D. Wis. Aug 19, 2020) (granting compassionate release because of defendant's respiratory and other health issues), *and United states v. Kuczora*, No. 15-cr-214 (E.D. Wis. Dec. 30, 2020) (granting compassionate release because of defendant's heart, lung, and other health issues). Wells' position is dramatically weakened by the fact that he has been vaccinated against COVID-19. (ECF No. 447.) With this significant factor added to the factual mix, the Court concludes that Wells' medical situation does not present an extraordinary and compelling circumstance justifying a sentence reduction. Wells is correct that it is *possible* that he could still be infected even after being vaccinated and that his poor health increases his risk of complications if he was in fact infected. But this possibility is remote and highly speculative. Because Wells has failed to demonstrate how his risk of severe infection is anything more than hypothetical, he has not shown extraordinary and compelling circumstance.

Wells' family circumstances argument is also not novel. *See United States v. Curtis*, 2021 WL 1827814 (7th Cir. May 7, 2021) (unpublished table decision). The Sentencing Commission's Policy Statements provide guidance on when family circumstances can become extraordinary and compelling circumstances. Although the Court is not required to follow the Policy Statements, they "can guide [the Court's] discretion without being conclusive." *Gunn*, 980 F.3d at 1180. When considering family circumstances, the Sentencing Commission advises that extraordinary and compelling reasons exist when "[t]he death of or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S. Sent'g Guidelines Manual §1B1.13, Application Note 1(C). According to Wells' sister, she currently serves as the caretaker to Wells' stepfather, who suffered a stroke in November and now needs a significant amount of assistance. (ECF No. 447-1.) Although Wells' family situation is unfortunate, the statute requires "extraordinary and compelling circumstances" to

warrant a reduction in his sentence.  Wells' situation does not rise to the level of extraordinary and compelling circumstances.  Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for compassionate release, (ECF No. 437), is **DENIED**.

Dated at Milwaukee, Wisconsin on May 12, 2021.

s/ Brett H. Ludwig  
BRETT H. LUDWIG  
United States District Judge